

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-31-2009

# USA v. Timothy Hartwell

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-1551

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Timothy Hartwell" (2009). *2009 Decisions.* Paper 1636.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1636

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Nos. 08-1551 / 08-1806

UNITED STATES OF AMERICA

v.

TIMOTHY HARTWELL,

Appellant

Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal Action Nos. 3-06-cr-00573-007 / 3-07-cr-00875-001)
District Judges: Honorable Joel A. Pisano

Submitted Under Third Circuit LAR 34.1(a)
March 27, 2009

Before: RENDELL, AMBRO, and JORDAN, Circuit Judges

(Opinion filed March 31, 2009 )

OPINION

AMBRO, Circuit Judge

Timothy Hartwell pled guilty in the United States District Court for the District of

New Jersey to conspiring knowingly and intentionally to distribute, and to possess with

intent to distribute, 500 grams or more of a mixture and substance containing a detectable amount of cocaine. Hartwell was sentenced to 60 months' imprisonment, the statutory minimum for the offense, and four years' supervised release. He now appeals his sentence and the District Court's denial of his motion to proceed *pro se*. Hartwell's attorney has moved to withdraw his representation under *Anders v. California*, 386 U.S. 738 (1967). We grant the motion to withdraw and affirm the District Court's orders.[1]

Because we write solely for the parties, we recount only the facts necessary to our decision. In March 2006, the Drug Enforcement Agency launched an investigation in the Phillipsburg, New Jersey area. In July 2006, as a result of the investigation, Hartwell was arrested along with a number of persons with whom he allegedly worked as a narcotics trafficker. He was initially charged on two counts: (1) knowingly and intentionally conspiring with his codefendants to distribute, and to possess with intent to distribute, 50 grams or more of a mixture and substance containing cocaine base in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 21 U.S.C. § 846, and (2) knowingly and intentionally distributing, and possessing with intent to distribute, 50 grams or more of a mixture and substance containing cocaine base in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 18 U.S.C. § 2.

In October 2007, Hartwell pled guilty to a different charge—knowingly and intentionally conspiring to distribute, and possess with intent to distribute, 500 grams or

---

[1] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

more of a mixture and substance containing a detectable amount of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B). The District Court accepted the guilty plea after an extended plea colloquy.

As part of his plea agreement, Hartwell stipulated to an offense level under the Sentencing Guidelines of 23. In addition, he waived his right to appeal his conviction so long as the sentence fell within or below the Guidelines range corresponding to that offense level.

Following sentencing, Hartwell appealed to this Court. As noted, his attorney made a motion to withdraw his representation and filed a corresponding *Anders* brief. Hartwell did not file a *pro se* brief.

Our rules provide that "[w]here, upon review of the district court record, trial counsel is persuaded that the appeal presents no issue of even arguable merit, counsel may file a motion to withdraw and supporting brief pursuant to *Anders*." 3d Cir. LAR 109.2(a). If we concur with trial counsel's assessment, then we "will grant [the] *Anders* motion, and dispose of the appeal without appointing new counsel." *Id.* Accordingly, our "inquiry when counsel submits an *Anders* brief is . . . twofold: (1) whether counsel adequately fulfilled the rule's requirements; and (2) whether an independent review of the record presents any nonfrivolous issues." *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001).

In his *Anders* brief, Hartwell's attorney identifies three potential issues for appeal: (1) whether the guilty plea was knowing and voluntary; (2) whether the sentence was

3

reasonable; and (3) whether Hartwell was denied his right to proceed *pro se*. We agree

that none of these grounds for appeal has legal merit.

We are satisfied that Hartwell's guilty plea was knowing and voluntary. During

his plea hearing, the Court questioned him extensively on topics concerning his personal

background and current mental state, the judicial proceedings up to that point, his

relationship with his attorney, the plea agreement, and his understanding that a guilty plea

affects his right to a jury trial and his sentencing. In addition, the Court carefully

explained the Sentencing Guidelines and procedure that would be used to determine

Hartwell's sentence. That was sufficient to satisfy the requirements of Federal Rule of

Criminal Procedure 11(b). *See United States v. Schweitzer*, 454 F.3d 197, 202–03 (3d

Cir. 2006).

We also agree that the sentence imposed was reasonable. The Court adopted the

presentence investigation report that was accepted by both parties, gave meaningful

consideration to the pertinent 18 U.S.C. § 3553(a) factors, and then imposed the

mandatory minimum sentence, which fell within the Guidelines range. That is all our

case law requires. *See United States v. Gunter*, 462 F.3d 237, 247 (3d Cir. 2006).

Lastly, we agree that the District Court did not err in denying Hartwell's motion to

proceed *pro se*. The record indicates that Hartwell withdrew the motion orally in open

court and that the District Court denied it as a formality. Thus, Hartwell was not

wrongfully denied his right to proceed *pro se*.

Counsel adequately fulfilled the requirements of *Anders*. Because our independent

4

review of the record fails to reveal any nonfrivolous grounds for appeal, we grant the counsel's motion to withdraw and affirm the judgment entered by the District Court. In addition, we certify that the issues presented in this appeal lack legal merit and thus that counsel is not required to file a petition for writ of certiorari with the Supreme Court. 3d Cir. LAR 109.2(b).